UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MINNIE THOMAS, et al.,

    Plaintiffs,

  v.

ALBERTSON'S; and SEATTLE OFFICE OF CIVIL RIGHTS,

    Defendants.

CASE NO. C06-1106C

ORDER

    This matter comes before the Court on Plaintiffs' "Objections" (Dkt. No. 12) to this Court's December 8, 2006 Order (Dkt. No. 10) dismissing their case for failure to state claims upon which relief could be granted. The Court construes Plaintiffs' recent filing as a motion for reconsideration.

    Motions for reconsideration are governed by Local Civil Rule 7(h)(1), which provides in pertinent part that "[m]otions for reconsideration are disfavored" and that the Court "will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling." Local Rules W.D. Wash. CR 7(h)(1).

    The Court's dismissal Order found that Plaintiffs failed to state claims upon which relief could be granted with respect to Defendant Albertson's because Plaintiffs could make no showing that Albertson's is a "state actor" for purposes of 42 U.S.C. § 1983. Now, Plaintiffs assert that because Albertson's was

ORDER – 1

acting "under protection of state law, that should be sufficient state action." Plaintiffs offer nothing more than this conclusory statement in support of the notion that Albertson's is a state actor. Accordingly, Plaintiffs have failed to show that the Court's finding to the contrary constituted "manifest error."

The Court's dismissal Order also found that Plaintiffs failed to state claims upon which relief could be granted with respect to the Seattle Office of Civil Rights because Plaintiffs alleged no facts that could show that their alleged injuries were the result of a "policy or custom" practiced by that municipal agency. Now, Plaintiffs argue that the Seattle Office of Civil Rights was acting as their "attorney" and that it failed to timely investigate their claims. Regardless of the merits of these allegations, they do nothing to address Plaintiffs' lack of an allegation of a policy or custom. Accordingly, Plaintiffs have failed to show that the Court's finding on these claims constituted "manifest error."

For the foregoing reasons, the Court finds that Plaintiffs have failed to bear their CR 7(h)(1) burden of showing that the Court committed manifest error when it dismissed this case. Plaintiffs' motion for reconsideration is therefore DENIED.

SO ORDERED this 2nd day of February, 2007.

*/s/ John C. Coughenour*

John C. Coughenour
United States District Judge

ORDER – 2